```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


TRAZILA PAUL                                CIVIL ACTION

VERSUS                                      NO: 07-3766

NORTHROP GRUMMAN SHIP SYSTEMS               SECTION: "R"(2)
```

### ORDER AND REASONS

Before the Court is defendant Northrop Grumman Ship Systems' motion to dismiss, or in the alternative, motion for summary judgment. For the following reasons, the Court GRANTS defendant's motion for summary judgment.

### I.    BACKGROUND

On July 19, 2007, plaintiff Trazila Paul sued defendant Northrop Grumman Ship Systems ("NGSS") alleging that on May 10, 2006, while employed by defendant as a cableman first class, another employee, line foreman Corey P. Barattini, sexually harassed her. Specifically, plaintiff alleges that Barattini "chested up" to plaintiff for about fifty seconds in that he walked up to her until his chest was touching hers and stared down at her in a hostile and intimidating manner. Then, as plaintiff walked away from Barattini toward a door, he forced his way through the door ahead of her, and in doing so ran his right hand across her stomach, right hip, and the small of her back.

Plaintiff's line foreman and another employee witnessed the incident but did nothing.

Plaintiff immediately reported the incident to her work leaderman and Union Steward and she was then placed in a different office for the rest of the day where she would not have to interact with Barattini.  The next day plaintiff and her Union Steward reported to NGSS's Labor Relations Department where plaintiff provided a written statement about the incident. Plaintiff requested an extended medical leave of absence, which NGSS granted.  NGSS interviewed the two witnesses, who each corroborated part of the incident, as well as Barattini, who denied it.  NGSS first suspended Barattini and then fired him. Following his appeal of the termination, Barattini was later reinstated without back pay and at an hourly position. Ultimately NGSS reinstated him as a foreman.

Plaintiff filed suit in federal court after receiving her right to sue letter from the EEOC.  She seeks lost wages due to disability, damages for continuing emotional distress, punitive damages, and attorney's fees.

**II.   LEGAL STANDARD**

Defendant moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, for summary judgment.  If a court considers materials outside the pleadings,

it must treat a motion to dismiss as a motion for summary judgment under Rule 56(c), which requires notice to the nonmovant and an opportunity to respond with evidence. *See* Fed. R. Civ. P. 12(b); *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 539 (5th Cir. 2003). Because defendant has submitted materials outside the pleadings with his motion and reply memorandum, the Court will treat its motion as one for summary judgment. This will not prejudice plaintiff, who had notice that the Court might treat defendant's motion as one for summary judgment, as demonstrated by plaintiff's own opposition titled "Opposition to Motion to Dismiss/For MSJ." (R. Doc. 17).

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party

will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

**III. DISCUSSION**

    **A.   Title VII**

In order to prove that she was sexually harassed in violation of Title VII, plaintiff must show that the harassment created a hostile or abusive working environment.  In the Fifth Circuit, to establish a hostile work environment claim, a plaintiff must demonstrate that:

    (1)   She is a member of a protected group;
    (2)   She was the victim of uninvited sexual harassment;
    (3)   The harassment was based on sex;
    (4)   The harassment affected a term, condition, or privilege of her employment; and
    (5)   Her employer knew or should have known of the harassment and failed to take prompt remedial action.

*Harvill v. Westward Communications, LLC*, 433 F.3d 428, 434 (5th Cir. 2005). Following the Supreme Court's decision in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) and *Burlington Ind. v. Ellerth*, 524 U.S. 742 (1998), when the alleged harasser is the plaintiff's supervisor, plaintiff need only prove the first four elements. *See Watts v. Kroger*, 170 F.3d 505, 509 (5th Cir. 1999). If a plaintiff can prove the first four elements, an "employer is subject to vicarious liability to a victimized employee." *Id.* (quoting *Faragher,* 524 U.S. at 807).[1]

The Court finds that plaintiff satisfies the first element of the test, and that there are issues of fact regarding the second and third elements. First, no party disputes that plaintiff is a member of a protected group. There is an issue of fact, however, regarding whether the harassment was uninvited or based on sex, such as to preclude summary judgment on that basis. Defendant contends that there is no sexual connotation to the alleged physical conduct because Barattini was merely "staring down" an employee who was loafing around instead of doing her work. Defendant points out that Barattini said nothing of a sexual nature to plaintiff in the incident or before or after it.

---

[1] The parties dispute whether Barattini was plaintiff's supervisor. Because the Court holds that plaintiff has failed to raise an issue of material fact as to the fourth element of the test, it need not determine whether or not Barattini was plaintiff's supervisor.

5

Plaintiff alleges that Barattini chose her, instead of a male co-worker standing nearby, creating an inference that the conduct was based on sex.  She further alleges that he unnecessarily placed his hand on her lower stomach, hip, and back parts of her body.  The Court finds there is a genuine issue of fact as to whether the harassment was unwanted sexual harassment.

The Court holds, however, that plaintiff has failed to satisfy the fourth element of the test for an actionable Title VII claim - that the harassment affected a term, condition, or privilege of plaintiff's employment.  "For sexual harassment to be actionable, it must be sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986) (internal quotation omitted).  Plaintiff need only establish that the abusive conduct was severe or pervasive, not both. *Id.* at 67.  "To be actionable, the challenged conduct must be both objectively offensive, meaning that a reasonable person would find it hostile and abusive, and subjectively offensive, meaning that the victim perceived it to be so." *Id.* (quoting *Shepherd v. Comptroller of Pub. Accounts*, 168 F.3d 871, 874 (5th Cir. 1999)).  Finally, courts determine whether a work environment is "hostile" or "abusive" by considering the totality of the circumstances, including the frequency of the discriminatory conduct; its severity; whether it

is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harvill*, 433 F.3d at 434 (quoting *Harris v. Forklift*, 510 U.S. 17, 23 (1993)).

Counsel for plaintiff admitted during oral argument that the alleged conduct was not pervasive. The Court finds that, under the law of this Circuit it was not severe, either. Here, the alleged conduct was a one-time incident that lasted approximately fifty seconds. Although the alleged conduct involved "chesting up" to plaintiff and Barattini's touching of plaintiff's lower stomach, hip, and lower back as he passed plaintiff in the doorway, it does not rise to the level of severity required in the Fifth Circuit to be actionable under Title VII. The conduct was clearly subjectively offensive; plaintiff was extremely upset by the incident and asserts that she has been unable to return to work on ships in the twenty-two months since it occurred. But for plaintiff to withstand summary judgment, she must raise an issue of fact that the conduct objectively created a hostile and abusive work environment. Barattini's alleged conduct is not more egregious than the conduct in Fifth Circuit cases in which the conduct did not render the plaintiff's work environment objectively hostile or abusive. *Compare Derouen v. Carquest Auto Parts, Inc.*, 275 F.3d 42 (5th Cir. 2001) (allegations that co-worker attempted to grab plaintiff's breast and put his hand on

her thigh and then rubbed it insufficient as a matter of law to support a hostile work environment claim), and *Shepherd*, 168 F.3d at 872 (two inappropriate comments, attempting to look down plaintiff's clothing, touching plaintiff's arm, and patting his lap and remarking "here's your seat" insufficient to establish objectively hostile or abusive work environment), and *Gibson v. Potter*, 2007 WL 1428630, *6 (E.D. La. 2007), *aff'd*, 2008 WL 276309 (5th Cir. 2008) (where supervisor touched plaintiff's buttocks, tried to stick his tongue in her ear, poked her in the side, and solicited her for dates, his actions were not severe or pervasive as a matter of law), *with Harvill*, 433 F.3d at 435 (finding conduct could constitute severe or pervasive conduct where, over a seven-month period, co-worker "grabbed [plaintiff] and kissed her on the cheek, popped rubber bands at her breasts, fondled her breasts 'numerous times,' patted her on her buttocks 'numerous times,' and came behind her and rubbed his body against her.").[2]

---

[2] Plaintiff cites two out of circuit cases for support that the harassment in this case affected a term, condition, or privilege of plaintiff's employment. Both cases involved conduct much worse than what is at issue here. In *Worth v. Tyer*, 276 F.3d 249, 268 (7th Cir. 2001), the Court held that evidence that plaintiff's supervisor put his hand down plaintiff's dress and placed it directly onto her breast supported a sexual harassment claim. In *Moring v. Arkansas Dept. of Correction*, 243 F.3d 452, 454-455 (8th Cir. 2000), the Court held that the evidence was sufficient to support a finding of an objectively hostile and abusive work environment where, on an overnight trip, plaintiff's supervisor showed up at her hotel room in his boxers, told her that she "owed" him, refused to leave until 2:30 a.m., and placed

Looking at the totality of circumstances and comparing the alleged conduct with that discussed in Supreme Court and Fifth Circuit cases, the Court finds that the alleged conduct was not so severe as to constitute an actionable claim against plaintiff's employer under Title VII. *See also Clark County School Dist. v. Breeden*, 532 U.S. 268, 271 (2001); *Gibson*, 2007 WL 1428630, at *7, *aff'd*, 2008 WL 276309 (5th Cir. 2008).

**IV. CONCLUSION**

For the foregoing reasons, defendant's motion for summary judgment is GRANTED.

New Orleans, Louisiana, this 31st day of March, 2008.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT COURT

---

his hand on her thigh and tried to kiss her.